**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CARL LANGFORD**                                                                                                                  **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 3:06cv203WHB-JCS**

**JOHN ALDEN LIFE INSURANCE COMPANY;
TIME INSURANCE COMPANY (also known as
FORTIS INSURANCE COMPANY);
and JOHN DOES 1 THROUGH 3**                                      **DEFENDANTS**

**<u>STIPULATION AND PROTECTIVE ORDER</u>**

It is hereby stipulated by Plaintiff Carl Langford and Defendants John Alden Life Insurance Company and Time Insurance Company f/k/a Fortis Insurance Company (incorrectly identified by Plaintiff as "Time Insurance Company (also known as Fortis Insurance Company)"), through their respective counsel, that the following provisions and conditions shall govern the parties:

1.	During the course of the litigation, the parties may be required to produce documents and information which contain sensitive, non-public information including but not limited to protected health information, financial information, marketing information, customer information, employment and employment compensation information, business plans, intellectual property, trade secrets. ("Confidential Information.")  Either party may designate documents or information which contains Confidential Information by designating that document or information as "CONFIDENTIAL".  This Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated "CONFIDENTIAL" in response to any party's discovery requests.  The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. All discovery that is designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses and experts retained by counsel to assist in the prosecution, defense or settlement of this matter. Before such individuals receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Before making the disclosure of any "CONFIDENTIAL" discovery to outside consultants and experts retained for the purpose of assisting in the preparation for trial, the Non-Disclosing Party shall obtain an agreement in writing as per the form attached as Exhibit "A" from the outside expert or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. A copy of all agreements to be bound which have been executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for trial or settlement of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. The parties, in producing documents (including, but not limited to, any audio and video materials) in this action which contain Confidential Information which documents or information shall be so marked.

6. In responding to written discovery directed to them, any of the parties may designate any portion of their responses which contains Confidential Information as "CONFIDENTIAL."

7. In any deposition, any of the parties may designate any testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact. The reporter shall then mark the "CONFIDENTIAL" portions of the transcript as "CONFIDENTIAL."

8. The parties agree that, where any Discovery designated by any of the parties as "CONFIDENTIAL" is required to be filed with the Court, the parties shall seek to have the same sealed pursuant to Uniform Local Rule 83.6. Any such records ordered by the Court to be sealedshall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information.

9. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document (including audio and video materials), pleading, or transcript of testimony as "CONFIDENTIAL," he/she shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the Disclosing Party does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition or trial exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and is sealed by the Court after a proper request under Uniform Local Rule 83.6.

11. If, during trial, counsel for the Non-Disclosing Party intends to introduce into

evidence any information designated as "CONFIDENTIAL", he or she shall give timely notice of that intention to the Court and the Disclosing Party's counsel.

12.   Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

SO ORDERED AND ADJUDGED, this the 1st day of September, 2006.

                                                          S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE


Agreed to:

s/Trey C. Dellinger
Walter D. Willson  (MSB # 7291)
Trey C. Dellinger (MSB # 10348)
**WELLS MARBLE & HURST, PLLC**
300 Concourse Boulevard
Suite 200
Ridgeland, MS 39157
Telephone:  601-605-6900
Facsimile:   601-605-6901
**ATTORNEYS FOR DEFENDANTS TIME INSURANCE COMPANY AND JOHN ALDEN LIFE INSURANCE COMPANY**


Lance L. Stevens
Stevens & Ward, P.A.
1855 Lakeland Dr.
Suite P-121
Jackson, MS 39216
**ATTORNEYS FOR PLAINTIFF**
**CARL LANGFORD**

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CARL LANGFORD**                                                               **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:06cv203WHB-JCS**

**JOHN ALDEN LIFE INSURANCE COMPANY;
TIME INSURANCE COMPANY (also known as
FORTIS INSURANCE COMPANY);
and JOHN DOES 1 THROUGH 3**                            **DEFENDANTS**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

**EXHIBIT "A"**

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, has read same and agrees to be bound by all of the provisions thereof.

                                                     _____

                                                     _____
                                                            Name (Please Print)

Date: _____